**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VICKI L. POOLE; BERT POOLE,

    Plaintiffs-Appellants,

v.

SOUTHWESTERN BELL
TELEPHONE L.P., doing business as
Southwestern Bell Telephone
Company; COMMUNICATION
WORKERS OF AMERICA;
CYNTHIA SHERWOOD, an
individual,

    Defendants-Appellees.

No. 02-7144
(D.C. No. 02-CV-431-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs Vicki L. Poole and Bert Poole appeal the district court's order dismissing their case because it was filed outside the applicable limitations period.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

Ms. Poole was employed by defendant Southwestern Bell Telephone L.P. (Southwestern Bell) until she was discharged for cause.  She was a member of defendant union Communication Workers of America (Union).  Defendant Sherwood was her supervisor.  Following her discharge, the Union filed a grievance on her behalf, and when the grievance was denied, the Union gave notice of its intent to arbitrate Ms. Poole's grievance.  Later, the Union withdrew the grievance from arbitration and Ms. Poole appealed that decision.  On October 23, 2001, the Union sent a letter to Ms. Poole to notify her that the Union's executive board had denied her appeal.  Aplt. App. at 146.  Ms. Poole received the letter on October 31, 2001.  *Id.* at 147-48.

More than eight months later, on July 18, 2002, plaintiffs filed this case in an Oklahoma state court.  Ms. Poole alleged contract and tort claims against Southwestern Bell and Ms. Sherwood, and she contended that the Union breached its duty of fair representation.  *See id.* at 149-52.  Mr. Poole asserted a state-law

claim for loss of consortium.   *Id.* at 152.  Defendants removed the action to federal court based on federal question jurisdiction under the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA).  The federal district court applied a six-month statute of limitations and granted defendants' motion to dismiss because plaintiffs' complaint was filed eight months after the limitations period began to run.  Aplt. App. at 170.

Plaintiffs appeal, claiming that the Union owed Ms. Poole a duty to inform her of the deadline for filing suit and that the claims against Ms. Sherwood should have been remanded to the state court because Sherwood's actionable conduct was outside the scope of her employment.

<u>Standard of Review</u>

We apply the same standard used by the district court in evaluating defendants' motions to dismiss, accepting as true all well-pleaded allegations in the complaint and construing them in the light most favorable to the plaintiffs. *Edwards v. Int'l Union, United Plant Guard Workers*, 46 F.3d 1047, 1050 (10th Cir. 1995).  We review *de novo* the district court's determination of what statute of limitations to apply.   *Id.*  "Where, as here, the dates on which the pertinent acts occurred are not in dispute, the date a statute of limitations accrues is also a question of law reviewed *de novo*."  *Id.*

-3-

<u>Analysis</u>

The district court applied a six-month limitations period to this hybrid § 301/unfair representation action Ms. Poole filed against her employer and her union. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 154-55 & n.2 (1983) (holding six-month statute of limitations applies to suit against employer and union). Because Ms. Poole received notice on October 31, 2001, that the Union would take no further action on her grievance, and she did not file suit until eight months later, her suit was time-barred. Ms. Poole does not dispute that a six-month limitations period applied. Rather, she contends that the Union had a duty to notify her of the deadline to file suit against it.

In a case such as this one in which a union rejects or abandons an employee's claim during the grievance process, the six-month limitations period begins to run when the employee knew or "should have known . . . through the exercise of reasonable diligence that the Union had abandoned [her] grievance claim." *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 422 (10th Cir. 1990). This precedent forecloses Ms. Poole's attempt to import from employment-discrimination case law a requirement that the Union inform her of the deadline for suing it.

Ms. Poole also asserts that the Union had a duty to inform her how to appeal to the Union's Annual Convention. We do not address whether the Union

had such a duty because we conclude that the limitations period for Ms. Poole to sue the Union commenced on October 31, 2001, regardless of any appeal to the Convention. Although a claim may not accrue until the dispute resolution process has been completely exhausted, this rule applies only when the employee challenges the adequacy of a union's representation and when the union represents the employee throughout the grievance process. *Edwards*, 46 F.3d at 1053-54. Here, Ms. Poole's cause of action for the Union's breach of fair representation accrued when the Union informed her that it had decided not to pursue arbitration on her behalf. Therefore, the limitations period was triggered when Ms. Poole learned of that decision on October 31, 2001.

We next turn to Ms. Poole's claims against Ms. Sherwood, and deem them abandoned in the district court. Ms. Poole did not oppose the defendants' argument to the district court that all claims, including those against Ms. Sherwood, were preempted by the LMRA. *See* Aplt. App. at 155-60 (plaintiffs' response to motions to dismiss). Moreover, Ms. Poole does not challenge on appeal defendants' assertion that these claims are waived. Accordingly, we do not consider them on appeal. *See O'Connor v. City & County of Denver*, 894 F.2d 1210, 1214 (10th Cir. 1990) (appellate court will not consider claims abandoned in the district court).

Appellants' motion to file an additional appendix is granted.  The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge